UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

            Plaintiff,

      v.

DALE R. PERRY and ORVILLE L.
MOE,

          Defendants.

NO. CR-06-0098-EFS

**ORDER RULING ON MOTIONS FROM THE HEARING OF FEBRUARY 22, 2007**

On February 22, 2007, a hearing was held in the above-captioned matter. Defendant Dale Perry was present represented by Amy Rubin and Defendant Orville Moe was present represented by Mark Vovos. Thomas Rice appeared on behalf of the Government. The Court heard argument on the following motions: Defendant Moe's Motion for an Order Declaring 18 U.S.C. § 666 Unconstitutional for Vagueness (Ct. Rec. 65), Defendant Moe's Motion for Change of Venue and Transfer of Case (Ct. Rec. 62), Defendant Moe's Motion *in Limine* (Ct. Rec. 68), Defendant Moe's Second Motion for Leave to File Additional Motions (Ct. Rec. 69), Defendant Perry's Motion to Sever Counts (Ct. Rec. 73), and Defendant Perry's Motion to Dismiss (Ct. Rec. 70). After reviewing submitted material and

ORDER ~ 1

relevant authority and hearing oral argument the Court was fully informed. This Order serves to memorialize and supplement the Court's oral rulings.

**I. Motion for an Order Declaring 18 U.S.C. § 666 Unconstitutional**

Defendant Moe argues that 18 U.S.C. § 666 is unconstitutionally vague facially and as applied, and also argues that due to the possibility of multiple interpretations, the rule of lenity should apply. The Government contends that Defendant has not established the criteria necessary to prove that the statute is facially unconstitutional, and asserts that an as applied challenge is premature given the early stage of discovery. The government argues further that because the statute is not truly ambiguous there is no reason to apply the rule of lenity.

A. Facial Challenge

A criminal statute can be ruled unconstitutionally vague for either one of two reasons: it fails to give notice that will enable ordinary people to understand what conduct is prohibited, or it authorizes or encourages arbitrary and discriminatory enforcement. *City of Chicago v. Morales,* 527 U.S. 41, 56 (1999). Defendant Moe does not argue that any specific provision of the statute is unclear, rather, Defendant argues "[t]he problem with 18 U.S.C. § 666 is that it does not reasonably and clearly set forth when federal funds are going to be considered by the Government, law enforcement, or the courts as worthy of prosecution under § 666." (Ct. Rec. 88 p. 4.) Defendant's argument is that the statute is facially unconstitutionally vague because a Defendant does not know when a sufficient nexus between federal funds and criminal activity exists for a suspect to be charged.

Despite Defendant's concern, the Supreme Court has recently upheld the validity of 18 U.S.C. § 666 regardless of whether a nexus is demonstrated between criminal activity and federal funds. *Sabri v. United States,* 541 U.S. 600 (2004). The defendant's argument in *Sabri* was that 18 U.S.C. § 666 "can never be applied constitutionally because it fails to require proof of any connection between a bribe or kickback and federal money." 541 U.S. at 604. In response to that argument the Court held

> [w]e can readily dispose of this position that, to qualify as a valid exercise of Article I power, the statute must require proof of connection with federal money as an element of the offense. We simply do not presume the unconstitutionality of federal criminal statutes lacking explicit provision of a jurisdictional hook . . .

*Id.* at 605. The Court goes on to say that Congress has a legitimate interest in ensuring that entities that receive federal funding do not suffer from corruption and graft, noting that "money can be drained off here because a federal grant is pouring in there." Id. at 606. The essential holding of the Court is that 18 U.S.C. § 666 does not require prosecutors to demonstrate a nexus between the receipt of federal funds and the criminal activity. Therefore, anytime the entity receives $10,000 of federal benefit in a year, regardless of any connection between the federal benefit and the graft, individuals should be on notice of the possibility of prosecution.

B. As Applied Challenge

While Defendant Perry correctly points out that prior application of the law was inconsistent due to a circuit split regarding the nexus requirement, such inconsistency does not equate to unconstitutionality

ORDER ~ 3

1  based on arbitrary enforcement.  Further, the inconsistent application

2  has been diminished by the Supreme Court ruling, addressed above,

3  resolving the circuit split.  Defendant Moe attempts to distinguish *Sabri*

4  from the instant case by arguing that in the instant case there is no

5  connection between the federal funding and the alleged corruption;

6  however, the Supreme Court's explicit holding in *Sabri* was that "[i]t is

7  certainly enough that the statutes condition the offense on a threshold

8  amount of federal dollars defining the federal interest."  541 U.S. at

9  606.  What the statute plainly requires is that the organization at issue

10  receive benefits in excess of $10,000 in federal funds in any one year

11  period, and that the accused be found to have embezzled, stolen, obtained

12  by fraud, or knowingly convert property that is valued at over $5000 and

13  is owned or under the control of the organization at issue.  18 U.S.C.

14  § 666.  Neither of these requirements is ambiguous or vague.

15      C. Due Process and Equal Protection and The Rule of Lenity

16      Defendant argues 18 U.S.C. § 666 violates the Due Process clause of

17  the Fifth Amendment, and the Equal Protection clause as incorporated in

18  the Due Process clause by the Supreme Court's holding in *Bolling v.*

19  *Sharpe,* 347 U.S. 497 (1954).  Defendant's arguments are premised on his

20  complaints of vagueness as addressed above and fail for the same reasons.

21      Defendant's lenity argument requires the same foundation.  As the

22  Court finds the statute not to be ambiguous or vague, there is no need

23  to decipher between multiple possible interpretations in order to apply

24  the most lenient.  The statute is clear on its face and should be applied

25  according to its meaning.  Therefore, Defendant's motion to declare 18

26  U.S.C. § 666 unconstitutional is denied.

ORDER ~ 4

Defendant Perry acknowledged that his Motion to Dismiss was based on similar arguments to those raised by Defendant Moe's challenge to the constitutionality of 18 U.S.C. § 666.   Therefore, Defendant Perry's Motion to Dismiss is denied.

## II. Motion to Change Venue

Defendant requests a change of venue, to Richland, Washington, based on the presumed prejudice of jurors in the Spokane area.   Defendant produced 36 articles that appeared in the Spokesman Review.   The Government objects to Defendant's request arguing prejudice is only presumed in extreme cases in which the community has been saturated with prejudicial and inflammatory media publicity.

"Due process requires that the accused receive a trial by an impartial jury free from outside influence." *Sheppard v. Maxwell,* 384 U.S. 333, 362 (1966).   A defendant can contest the impartiality of a jury as either actually prejudiced, or presumably prejudiced. *Ainsworth v. Calderon,* 138 F.3d 787, 795 (9th Cir. 1998).   Here, Defendant is asserting the presumed prejudice of the jury.

The factors to be considered when determining whether a jury is presumed prejudiced are: (1) whether there has been a barrage of inflammatory publicity immediately prior to trial amounting to a huge wave of public passion, (2) whether the media accounts were primarily factual, and (3) whether media accounts contained inflammatory prejudicial information that was not admissible at trial. *Id*. Defendant has produced 36 articles dating from October 2003 to December 2006, which Defendant asserts contain prejudicial and inflammatory characterizations of Defendant, including editorials and parodies.   While Defendant has

1  demonstrated numerous negative characterizations of Defendant in the
2  Spokane press, Defendant has not demonstrated the level of saturation
3  necessary to make it impossible to seat an impartial jury. *Daniels v.*
4  *Woodford,* 428 F.3d 1181, 1210 (9th Cir. 2005).

5      Defendant has not made an adequate showing that an impartial jury
6  cannot be impaneled; therefore, Defendant's motion to change venue is
7  denied with leave to renew.

8  **III. Motion to Sever Counts**

9      Defendant Perry's motion to sever counts is based on his contention
10 that Federal Rule of Evidence 404(b) would prevent introduction of
11 evidence regarding counts 1 and 2, to be admitted at a trial for counts
12 3 and 4, and thus will prejudice the jury.  The Government responds by
13 arguing first that Defendant has failed to show the level of prejudice
14 required to overcome the benefit of judicial economy gained by conducting
15 a single trial, and second that evidence of the prior two counts would
16 be admitted at a trial on the latter two counts.

17     Here, evidence regarding counts 1 and 2 would be admissible in a
18 trial on counts 3 and 4 pursuant to the terms of rule 404(b) and the
19 Ninth Circuit's interpretation of that rule.  Rule 404(b) states that
20 evidence of other crimes may "be admissible for other purposes, such as
21 proof of motive, opportunity, intent, preparation, plan, knowledge . .
22 ."  FED. R. EVID. 404(b).  The Government has indicated its intent to show
23 that during the time in which the events at issue took place, Mr. Perry's
24 actions were based on his dire financial situation, and thus he had a
25 common motive with regard to all four counts.  Evidence regarding counts
26 1 and 2 may also be admissible with regard to opportunity and intent.

As the evidence would be admissible in a trial on counts 3 and 4, Defendant will not suffer prejudice due to the joinder of the counts; therefore, Defendant's motion to sever counts is denied.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Moe's Motion for an Order Declaring 18 U.S.C. § 666 Unconstitutional for Vagueness **(Ct. Rec. 65)** is **DENIED.**

2. Defendant Moe's Motion for Change of Venue and Transfer of Case **(Ct. Rec. 62)** is **DENIED WITH LEAVE TO RENEW.**

3. Defendant Moe's Motion *in Limine* **(Ct. Rec. 68)** is **GRANTED IN PART** (the Assistant United States Attorney and his witnesses shall not refer to the following issues without first obtaining permission of the Court outside the presence of the jury: uncharged alleged offenses, alleged co-conspirator's statements made after the conspiracy, irrelevant seized items, opinion evidence without foundation, references to criminal convictions of Defendants, undisclosed 404(b) evidence, plea bargaining endeavors, the terms of attorney employment, evidence not disclosed pursuant to Defendants' discovery requests, the filing of pre-trial motions, references to drug use, negative characterizations of Defendants, perjured testimony, guilty pleas of co-conspirators, characterization of Defendants' testimony as lies, denigration of defense counsel, exploitation of prosecutorial prestige, cooperation agreements with witnesses, misrepresentations of the record, and evidence concerning the lawsuit involving Washington Motorsports Limited) and **DENIED IN PART** (Defendant's requests with regard to "misleading" evidence, the consequences of the jury's verdict, and the use of secondary evidence are

too vague and denied as such) and **DENIED IN PART WITH THE RIGHT TO RENEW** (the remainder of Defendant's requests).

4. Defendant Moe's Second Motion for Leave to File Additional Motions **(Ct. Rec. 69)** is **DENIED AS MOOT** (additional motions shall be filed in compliance with the Order of the Court dated January 24, 2007 (Ct. Rec. 81)).

5. Defendant Perry's Motion to Sever Counts **(Ct. Rec. 73)** is **DENIED.**

6. Defendant Perry's Motion to Dismiss **(Ct. Rec. 70)** is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to all counsel, the U.S. Probation Office, the U.S. Marshal, and the Jury Administrator.

**DATED** this 27th day of February 2007.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Criminal\2006\0098.motion.to.dismiss.wpd

ORDER ~ 8